UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHELLE CLEMONS,
Individually, and on behalf of all
others similarly situated

CASE NO: 06-21648-CIV-KING

    Plaintiffs/Counter-Defendant,

v.

CUTLER RIDGE AUTOMOTIVE, LLC
d/b/a POTAMKIN SOUTH HYUNDAI

    Defendant/Counterclaimaint.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Cross Motions for Summary Judgment. Defendant Cutler Ridge Automotive, LLC's Motion for Summary Judgment (D.E. # 84) was filed on October 30, 2007.[1] Plaintiff Michelle Clemons' Motion for Partial Summary Judgment (D.E. #107) was filed on February 5, 2008.[2]

### I. FACTUAL BACKGROUND

On or about May 15, 2004, Plaintiff visited Potamkin South Hyundai, Defendant's place of business, to purchase and finance a new Hyundai (Amend Compl.; D.E. # 47, ¶ 10.) In the course of their dealings, Plaintiff submitted a credit application to Defendant;

---

[1] Plaintiff's Response (D.E. # 94) was filed on December 13, 2007. Defendant's Reply (D.E. #102) was filed on January 7, 2008.

[2] Defendant's Response (D.E. #115) was filed on February 21, 2008. Plaintiff's Reply has not been filed and the time to do so has passed.

which authorized Defendant to obtain Plaintiff's credit report and prompted the preparation of a retail buyer's order and a retail installment sales contract (RISC) for the sale and financing of the Hyundai. *Id.* at ¶ 11. On the same day, Plaintiff signed the retail buyer's order and the retail sales contract, reflecting a $1,000 down payment and a $1,200 trade-in value for Plaintiff's 1991 Ford Tempo.(D.E #36-2; Pl.'s Aff. ¶ 4)(S*ee also* Exhibit 3: Signed Copy of Buyer's Order and Exhibit 4 and 5: Signed Copy of Retail Installment Sale Contract.) Defendant took the 1991 Ford Tempo, and delivered the new Hyundai to the Plaintiff. *Id.*

Several days after Plaintiff had taken the new vehicle from Defendant, Plaintiff received a call from Defendant, informing her that the financing was rejected and that in order to keep the new Hyundai plaintiff had to sign a new RISC. (Amend Compl. ¶ 12). Plaintiff returned to the dealership and signed a second RISC, with slightly different terms, which the Defendant backdated to reflect the same date as the original transaction. *Id.* Some time in August, nearly three (3) months after Plaintiff's initial visit to Defendant's place of business, Defendant called the Plaintiff again and requested that she return the Hyundai to Defendant because her financing had been rejected a second time. (Aff. of Michelle Clemons ¶ 8).

A few days after Defendant's call, Plaintiff returned the Hyundai to Defendant and asked for the return of her trade-in vehicle. *Id.* at ¶ 9. Defendant refused, stating that Plaintiff's Ford Tempo had already been sold and was no longer on the lot. (Amend Compl. ¶ 14.) Plaintiff's complaint further alleges that Defendant refused to reimburse

Plaintiff for the cash value of the Ford Tempo and refused to return her down payment. *Id.* Defendant asserts in its answer that the proceeds of the trade-in vehicle were returned to Plaintiff in a check dated August 2004. (D.E. 61- Defendant's Answer to Amended Class Action Complaint and Affirmative Defenses.)

## II. PROCEDURAL BACKGROUND

On May 11, 2006, Plaintiff filed the above-styled action (DE # 1) against Defendant in state court. The six count complaint requested statutory penalties and damages pursuant to: Count I - The Truth in Lending Act; 15 U.S.C. § 1601(a) (herein "TILA"); Count II and III - the Florida Motor Vehicle Retail Sales Finance Act; Fla. Stat. § 520.07(1)(a),(c), and § 520.12(2) (herein "MVRSFA"); Count IV - the Fair Credit Reporting Act; 15 U.S.C. § 1681 (herein "FCRA"); Count V - the Florida Consumer Collection Practices Act; Fla. Stat. § 559.72 (herein "FCCPA"); and Count VI - the Florida Deceptive and Unfair Trade Practices Act; Fla. Stat. § 501.211 (herein "FDUPTA"). The matter was timely removed to this Court on June 29, 2006.

On April 15, 2007 the Court entered an Order (D.E. #46) dismissing Plaintiff's Initial Complaint.[3] In accordance with the Court's Order, Plaintiff filed an Amended Class Action Complaint (D.E. # 47) on May 1, 2007 asserting the following three counts:

- Count I - Plaintiff realleges that Defendant violated the FCRA by obtaining Plaintiff's

---

[3] Count I - The Truth in Lending Act claim was barred because the statute of limitation period had expired and therefore dismissed with prejudice. Count II, III, V, and VI were state claims in which the Court declined to exercise supplemental jurisdiction and thereby dismissed without prejudice. Count IV- The Fair Credit Reporting Act claim was dismissed without prejudice with leave to file an Amended Complaint, clarifying the remaining issues still pending before the Court (D.E. # 46).

credit report for an impermissible and unlawful purpose, 15 U.S.C. §§ 1681b, n;

- Count II - Defendant violated the FCRA by failing to issue adverse action notices when it denied or revoked credit, 15 U.S.C. § 1681;

- Count III - Defendant violated the Equal Credit Opportunity Act (ECOA) by failing to provide Plaintiff with a written notification of adverse action against the Plaintiff, 15 U.S.C. § 1691(d)(2)(A-B).

In the instant motion, Defendant is seeking summary judgment on all three counts of the Amended Class Action Complaint.

### III. LEGAL STANDARD

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. Id. To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative

evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston*, 9 F.3d at 919. A mere scintilla of evidence in support of the non-moving party's position is insufficient, however, to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *Id.* at 249-50.

## IV. DISCUSSION

### 1. Fair Credit Reporting Act ("FCRA") Claims

#### (a) Count I

In Count I, Plaintiff asserts that Defendant is liable for actual or statutory damages, and attorney's fees pursuant to the Fair Credit Reporting Act ("FCRA") for requesting and obtaining Plaintiff's consumer credit information. According to Plaintiff, this is done for the purpose of satisfying Defendant's curiosity and not for the purpose of extending credit or any other lawful purpose. (D.E. # 47, ¶ 27). Plaintiff alleges that Defendant obtains its customers' credit reports exclusively for the purpose of making a preliminary determination as to the likelihood of being able to locate a suitable third party for assignment purposes, in order to receive a pecuniary advantage. *Id* at ¶ 31. Specifically, Plaintiff contends that Defendant is liable for negligently and willfully violating the responsibilities imposed by the FCRA. See 15 U.S.C. § 1681o (creating a private cause of action for negligent violations of the FCRA); 15 U.S.C. § 1681n (creating a private cause of action for willful violations). Defendant however argues that there are three applicable purposes under the FCRA for which

5

Plaintiff's credit report was obtained, and therefore obtaining Plaintiff's credit report was not unlawful under the FCRA.

Section 1681b of the FCRA titled "Permissible Purposes of Consumer Reports," delineates the circumstances upon which a consumer reporting agency may furnish a consumer report. 15 U.S.C. § 1681b. The first applicable purpose which makes Defendant's request for Plaintiff's credit report permissible is if it is, "in accordance with the written instructions of the consumer to whom it relates." 15 U.S.C. §1681b(a)(2). In Plaintiff's Amended Complaint, Plaintiff admits that she "submitted a credit application to the defendant, thereby authorizing Defendant to obtain a copy of her credit report. (*See* Amend. Comp., D.E. #47, ¶51). As a result of Plaintiff's authorization, Defendant did not violate the FCRA when it obtained a copy of Plaintiff's credit report.

Another applicable purpose under the FCRA which makes Defendant's conduct of obtaining Plaintiff's credit report lawful is if in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit... §1681b(a)(3)(A). Obtaining a credit report in connection with a new business transaction in order to determine the consumer's eligibility, ... is a permissible purpose under the FCRA. *Alisa Jones v. TT of Longwood, Inc.*, 2007 WL 2298020, slip op. at 5 (M.D. Fla. Aug. 7, 2007) (citing *Smith v. Bob Smith Chevrolet*, 275 F.Supp.2d 808, 818 (W.D.Ky. 2003)). *See* 15 U.S.C. §1681b(a)3(A)(allows the furnishing of a report to a person whom the credit reporting agency has reason to believe intends to use the information in connection with a credit transaction involving the consumer and the

extension of credit...) The facts in the Amended Complaint state that Plaintiff initiated contact with Defendant for the purpose of purchasing and financing a motor vehicle. (Amend Compl. ¶10). Plaintiffs credit report was therefore obtained in connection with a business transaction, i.e. the financing of a motor vehicle.

The third permissible purpose cited by Defendant under the FCRA authorizes a person to obtain a credit report if that person has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer. §1681b(a)(3)(F)(I). As stated above, Plaintiff arrived at Defendant's place of business on her own initiative to purchase and finance a motor vehicle. Defendant therefore had a legitimate need to obtain Plaintiff's credit report to verify Plaintiff's credit worthiness and arrange financing prior to the delivery of motor vehicle.

Because there exist three permissible purposes for which Defendant obtained Plaintiff's credit report, the Court finds that there is no genuine issue of material fact with regard to Count I. Defendant did not violate the FCRA when it obtained Plaintiff's credit report from the consumer reporting agency and therefore summary judgement must be granted as to Count I in favor of Defendant and denied as to Plaintiff's cross motion for summary judgment as to Count I.[4]

---

[4] In addition, Plaintiff's reference to the Truth In Lending Act and to the Florida Motor Vehicle Retail Sales Finance Act (MVRSFA) is unavailing because those causes of action were dismissed in the initial Complaint. (TILA Count was barred by the statute of limitations, and the Court declined to exercise supplemental jurisdiction as to the MVRSFA Count.

*(b) Count II*

Count II of Plaintiff's Amended Complaint asserts for the first time that Defendant violated §1681m(a) of the FCRA by failing to issue an adverse action notice.[5] Under the FCRA, if a person takes adverse action against a consumer based on information contained in the consumer's credit report, the person shall provide notice of the adverse action. 15 U.S.C. § 1681m(a). Plaintiff asserts that Defendant took adverse action when it rejected plaintiff's credit application, and that such action required Defendant to provide notice of such action.[6] Defendant argues that the filing of this additional count goes beyond what this Court intended when it granted Plaintiff leave to clarify the remaining issues pending before this Court at the time that the original complaint was dismissed. In addition, Defendant also asserts that Plaintiff's initial complaint was so "egregiously defective," it should neither commence the action for purpose of the statute of limitations nor serve as a relation back placeholder for the two new claim. (D.E. #16)(citing *Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289, 1294 (8th Cir.1980). In other words, Defendant asserts the position that Count II (and later Count III) are barred by the FCRA's 2 year

---

[5] Plaintiff's initial Complaint which was originally filed in state court on May 11, 2006, and removed to this Court on June 29, 2006, did not allege a cause of action under the FCRA for failure to provide adverse action notice. That initial complaint was subsequently dismissed by the Court on April 13, 2006, but allowed Plaintiff to file an amended complaint clarifying Count IV (the remaining issue).

[6] Count III also alleges that Defendant failed to issue an adverse action notice but in violation of the Equal Credit Opportunity Act ("ECOA")

statute of limitations because they do not relate back to the original pleading. Lastly, Defendant argues that the amendment to the FCRA by Congress' enactment of the Fair and Accurate Credit Transaction Act (FACTA) precludes private right of action for a creditor's failure to issue adverse action notices under §1681m(a).

With regard to the enactment of FACTA, which amended the FCRA, Defendant is mistaken as to the date the amended provisions became effective. Although the enactment of FACTA occurred on December 4, 2003, that was not the date that the amendment became effective. Congress authorized the Federal Trade Commission and the Board of Governors of the Federal Reserve System to set the effective dates of various FACTA provisions, including the section which amended §1681m of the FCRA. Pub.L. No. 108-59, 117 Stat.1952, at Sec. 3. On February 11, 2004, the Board of Governors promulgated regulations setting an effective date of December 1, 2004, for § 1681m(h)(8). *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 617 (C.A.7 (Ill.),2007)(*quoting* 12 C.F.R. §222.1(c)(3)(xiii). Therefore, an effective date of December 1, 2004 will not bar plaintiff's claim which occurred seven months prior.

However, with regard to Defendants initial arguments regarding the adding of the additional claims without leave of court and more importantly the FCRA's statute of limitation, an amendment that alleges a new cause of action different from that asserted in the original complaint will not relate back to the date of the original complaint but will be governed by its own date with respect to the applicable statute of limitations. *Boerkoel v. Hayes Mfg. Corp.*, 76 F.Supp. 771 (D.C.MICH. 1948)(citing *Salyers v. United States*,

9

257 F.255; *Manhattan Oil Co. v. Mosby*, 72 F.2d 840, *certiorari denied* 293 U.S. 623, 55 S.Ct. 237, 79 L.Ed. 710; *Commissioner of Internal Revenue v. Rieck*, 104 F.2d 294, *certiorari denied* 308 U.S. 602, 60 S.Ct. 138, 84 L.Ed. 504, *rehearing denied* 310 U.S. 657, 60 S.Ct. 1084, 84 L.Ed. 1421; *Lorenzen v. United States*, 52 F.2d 106. However, if the amendment merely explains, expands, or amplifies what was alleged in support of the cause of action already asserted, it will relate back to the commencement of the action and is not affected by intervening lapse of time. *Id.*

In this instance, neither Count II nor Count III explain or expand on what was alleged in Count I, the remaining cause of action in the initial Complaint, nor does it provide Defendant with notice that Plaintiff is filing an action for failing to provide adverse action notices pursuant to FCRA and ECOA. Instead, Count II and Count III assert two newly filed causes of action and cannot relate back to the date of the original complaint. Since the Amended Complaint was filed on May 1, 2007, all counts newly alleged in the Amended Complaint fall outside the FCRA and ECOA's two year statute of limitation, which by Plaintiff's admission began to toll some time in August of 2004. Since the newly filed counts were filed more than two years after the occurrence of the violation, summary judgment as to Count II and III is granted.

## 2. *Equal Credit Opportunity Act ("ECOA") Claim*

### (b) *Count III*

In Count III, Plaintiffs allege that Defendant failed to provide them with written notification or a statement of reasons for the denial of Plaintiff's credit application. The

ECOA requires a creditor to notify an applicant for credit of its action on the application, and if the action is adverse, the creditor must provide the applicant a statement of reasons in writing or provide written notification with disclosure of the applicant's right to a written statement of reasons. 15 U.S.C. § 1691(d). Plaintiff's Amended Complaint alleges that Defendant is a creditor as defined in the ECOA and its action of denying Plaintiff's credit application and repossessing the car constitute an adverse action and requires notice. Count III was asserted for the first time in Plaintiff's Amended Complaint on May 1, 2007 along with Count II, because neither newly filed claim will relate back to the date of the initial complaint, Count III is barred by the ECOA's two year statute of limitation. 15 U.S.C. §1691e(f). Defendant is entitled to summary judgment in its favor with regards to Count III of the Amended Complaint, and Plaintiff's corresponding Motion for Partial Summary Judgment is denied.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED, ADJUDGED, and DECREED Defendant's Motion for Summary Judgment (**D.E. #17**) be, and the same is hereby **GRANTED.** Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 28th day of March, 2008.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **_Counsel for Plaintiff_**
Raymond Gregory Ingalsbe, Esq.
4400 PGA Boulevard, Suite 800
Palm Beach Gardens, FL 33410
Fax: 561-624-3533

Timothy Carl Blake, Esq.
Concorde Building
66 W Flagler Street
Miami, FL 33130-1803
Fax: 305-373-4323

**_Counsel for Defendant_**
William R. Cohen, Esq.
Jeffrey C. Dwyer, Esq.
Bohdan Neswiacheny
540 NE 4th Street
Fort Lauderdale, FL 33301
Fax: 954-765-1274