UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21648-CIV-KING/BANDSTRA

MICHELLE CLEMONS n/k/a MICHELLE
DONES, on behalf of herself and all others
similarly situated,

       Plaintiff,

vs.

CUTLER RIDGE AUTOMOTIVE, LLC
d/b/a POTAMKIN SOUTH HYUNDAI,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on (1) Defendant's Renewed Motion for Fees and Costs/Sanctions Pursuant to Rule 11 (D.E. 122) filed on April 14, 2008; and (2) Defendant's Motion for Award of Attorney's Fees and Costs (D.E. 124) filed on April 15, 2008. On April 16, 2008, these motions were referred to the undersigned by the Honorable James Lawrence King for all permissible proceedings pursuant to 28 U.S.C. §636 (b). Having considered these motions, all responses and replies thereto, the court file and applicable law, the undersigned respectfully recommends:

(1) that Defendant's Renewed Motion for Fees and Costs/Sanctions Pursuant to Rule 11 be DENIED; and

(2) that Defendant's Motion for Award of Attorney's Fees and Costs be GRANTED IN PART with an award of costs in the amount of $2,806.65.

## BACKGROUND

On May 11, 2006, Michelle Clemons ("plaintiff") commenced this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County seeking statutory penalties, damages and other relief against Cutler Ridge Automotive, LLC d/b/a Potamkin South Hyundai ("defendant") arising out of plaintiff's submission of a credit application to defendant in connection with the purchase and financing of a motor vehicle.  Specifically, plaintiff alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601(a) (Count I); the Florida Motor Vehicle Retail Sales Finance Act, Fla. Stat. §§ 520.07(1)(a),( c) & 520.12(2) (Count II & III); the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Florida Consumer Collection Practices Act, Fla.Stat. § 559.72 (Count V); and the Florida Deceptive and Unfair Trade Practices Act, Fla.Stat. § 501.211.

On June 29, 2006, defendant removed this action to this Court based on federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1387 & 1441.

On April 15, 2007, the District Court entered an Order of Dismissal, dismissing plaintiff's original complaint without prejudice.  In so ruling, the Court found that plaintiff's claims under the Truth in Lending Act (Count I) were barred by the applicable statute of limitations.  The Court further declined to exercise supplemental jurisdiction over the state law claims (Counts II, III, V & VI).  In addition, the Court  dismissed plaintiff's Fair Credit Reporting Act ("FCRA") claim with leave to refile an amended complaint clarifying the remaining pending issues.  See D.E. 46.

In accordance with the Court's Order, plaintiff filed a three count amended class

2

action complaint on May 1, 2007 asserting that defendant violated the FCRA by obtaining her credit report for an impermissible and unlawful purpose, and by failing to issue adverse action notices when it denied or revoked her credit, 15 U.S.C. §§ 1681 *et seq.*, In addition, plaintiff alleged that defendant violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq.*, by failing to provide her with written notification of adverse action.

On October 30, 2007, defendant filed its motion for summary judgment arguing that no genuine issues of material fact existed and that it was entitled to summary judgment in its favor as a matter of law.  Specifically, defendant argued that it (1) had a lawful purpose for requesting and obtaining plaintiff's credit report under the FCRA; (2) Congress amended the FCRA to preempt private rights of action to enforce § 1681(m) which includes the duty to provide adverse action notices; (3) plaintiff's claim under the ECOA was barred by the statute of limitations; and (4) defendant took no adverse action against plaintiff and was not a creditor within the meaning of the ECOA or the FCRA.

On February 5, 2008, plaintiff file a motion for partial summary judgment arguing that she was entitled to summary judgment on her FCRA and ECOA claims.

On February 15, 2008, defendant moved for an order imposing sanctions pursuant to Fed.R.Civ.P. 11 against plaintiff's counsel, essentially arguing that the allegations in plaintiff's amended class action complaint were baseless and not supported by the facts or the law applicable to this case.

On March 31, 2008, this Court issued an Order granting defendant's motion for summary judgment and denying plaintiff's motion for partial summary judgment.  In so ruling, the Court found that there were three applicable purposes under the FCRA for

defendant to obtain plaintiff's credit report. Specifically, the Court found that (1) obtaining a credit report in connection with written instructions from the consumers; (2) obtaining a credit report in connection with a new business transaction in order to determine the consumer's eligibility; and (3) obtaining a credit report for a legitimate business need in connection with a business transaction that is initiated by the consumer are permissible purposes specifically provided for under the FCRA. Thus, the Court concluded that obtaining plaintiff's credit report was not unlawful under the FCRA (Count I). The Court further found that plaintiff's remaining claims under the FCRA and the ECOA (Counts II & III) fell outside the applicable two year statute of limitations and thus, were time barred. See D.E. 119.

Final judgment was entered in favor of defendant and against plaintiff on March 31, 2008. The Final Judgment dismissed all underlying claims and denied all pending motions as moot including defendant's motion for sanctions on plaintiff's counsel pursuant to Rule 11. The Court also retained jurisdiction to determine attorney's fees and costs. See D.E. 120.

On April 14, 2008, defendant filed the instant renewed motion for fees and costs/sanctions pursuant to Rule 11. On that same date, defendant also filed its motion for award of attorney's fees and costs requesting fees in the amount of $46,029.00 and costs in the amount of $3,018.12.

The issues raised with respect to each of the foregoing motions are individually addressed below.

4

## ANALYSIS

### I. Defendant's Renewed Motion for Sanctions

Defendant moves for sanctions against plaintiff's counsel, Raymond G. Ingalsbe, Timothy Carl Blake and their respective law firms, seeking an award of attorney's fees and costs on the grounds that the filing and maintenance of this action was frivolous. Defendant argues that plaintiff's FRCA claim was baseless and not supported by the applicable facts and case law. In support, defendant notes that plaintiff's own admission concerning her submission of a credit application to defendant in connection with the purchase and finance of a motor vehicle clearly negated any cause of action under the FCRA with respect to defendant's use of plaintiff's credit report. Indeed, this Court found three applicable purposes under the FCRA for defendant to obtain plaintiff's credit report. See Order on Summary Judgment (D.E. 119). In addition, defendant argues that plaintiff's counsel was already on notice that this claim was not viable under the FCRA because the identical issue was previously raised and rejected by the Middle District of Florida in Jones v. TT of Longwood, Inc., 2007 WL 2298020 (M.D. Fla. 2007). Finally, defendants argue that plaintiff's remaining claims (Counts II & III) had already expired at the time of the filing of the amended complaint. Consequently, defendant contends that plaintiff's counsel failed to perform a reasonable investigation into the legal and factual sufficiency of plaintiff's claims and misrepresented case law so that sanctions under Rule 11 are warranted.

Reviewing defendant's allegations of frivolousness, the undersigned first notes that the Eleventh Circuit has made clear the standard under which compliance with Rule 11 is

to be evaluated:

> The standard for determining whether conduct is sanctionable under Rule 11 is "reasonableness under the circumstances." <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc).  Rule 11 was not intended "to chill innovative theories and vigorous advocacy but bring about vital and positive changes in the law[,]" <u>Donaldson</u>, 819 F.2d at 1561, "[b]ut when parties attempt to pursue civil litigation with legal theories apparently foreclosed by statute and precedent, they must do so with candor toward the court and a sense of whether their argument is appropriate and reasonable." [citing] <u>United States v. Milam</u>, 855 F.2d 739, 744 (11th Cir. 1988).

<u>Fox v. Acadia State Bank</u>, 937 F.2d 1566, 1569-70 (11th Cir. 1991).  The purpose of Rule 11 is to reduce frivolous claims, defenses or motions and to avoid unnecessary delay and expense in litigation.  <u>Donaldson</u>, 819 F.2d at 1556.  Rule 11 contemplates an objective standard, one of reasonableness under the circumstances.  <u>See</u> <u>Hashemi v. Campaigner Publications, Inc.</u>, 784 F.2d 1581, 1583 (11th Cir. 1986).

Courts should "avoid using the wisdom of hindsight." <u>Donaldson</u>, 819 F.2d at 1556.  Rather, courts should test the signer's conduct by inquiring into what was reasonable for the party or her attorney to believe at the time the pleading, motion or other paper was filed.  <u>Id.</u>  Rule 11 imposes affirmative duties upon attorneys and *pro se* litigants.  Upon signing a pleading, motion or other paper, an attorney certifies that he or she: (1) conducted a reasonable inquiry into the facts that support the pleading; (2) conducted a reasonable inquiry into the law so that the pleading embodies existing law or a good faith argument for the extension, modification, or reversal of existing legal principles; and (3) has not interposed the pleading for an improper purpose.  <u>See</u> Fed.R.Civ.P. 11; <u>Thomas v. Capital Sec. Servs., Inc</u>, 836 F.2d 866 874 (5th Cir. 1988).  Thus, the central issue in evaluating reasonableness is whether a pleading states a colorable claim, not whether the

pleader is ultimately correct in his interpretation of the facts and applicable law.

Applying this standard here, the undersigned finds no basis for an award of sanctions. The record reflects that plaintiff's attorney was clearly familiar with the facts of this case and undertook a sufficient legal investigation in order to provide colorable causes of action at the time this lawsuit was filed. Plaintiff's counsel maintains that defendant accessed plaintiff's credit report for an impermissible purpose under the FCRA, *i.e.,* in order to determine which third party bank or finance company was mostly likely to purchase or accept assignment of the plaintiff's finance agreement. Although this Court rejected plaintiff's theory and found that defendant had three permissible purposes under the FCRA for obtaining plaintiff's credit report, the undersigned cannot find that plaintiff's theory of liability had no reasonable basis in law or fact. Indeed, motions to dismiss for failure to state causes of action were not filed. Additionally, nowhere in this Court's Order on Summary Judgment did the Court indicate that plaintiff's claims for relief were frivolous, unreasonable or without foundation. Plaintiff's theory of liability may indeed state viable claims under Florida law.

In addition, the undersigned also cannot find the complaint to be frivolous on statute of limitation grounds. The issues concerning whether Counts II and III of the amended complaint commenced a new action or related back to the date of the original complaint for purposes of determining the applicable statute of limitations period were not apparent from the face of the pleadings. Thus, plaintiff's claims cannot be deemed frivolous on the face of the amended complaint.

Defendant's remaining argument that plaintiff misrepresented case law and

7

concealed or ignored material facts is simply not supported by the record. While plaintiff's counsel was aware that he had unsuccessfully asserted the same cause of action in <u>Jones v. TT of Longwood, Inc.</u>, L2298020 (M.D. Fla. 2007), that decision is not binding authority on this Court.

In sum, sanctions are generally reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation or brought for an improper purpose." <u>Operating Engineers Pension Trust v. A-C Co.</u>, 859 F.2d 1136, 1344 (9th Cir. 1988). The undersigned finds that neither plaintiff nor his attorney's commencement and prosecution of this case satisfies the foregoing requirements.

Accordingly, the undersigned recommends that defendant's Renewed Motion for Fees and Costs/Sanctions Pursuant to Rule 11 be DENIED.

## II. Defendant's Motion for Award of Attorney's Fees and Costs

Having found that defendant is not entitled to an award of sanctions under Rule 11, the undersigned next addresses whether defendant is entitled to an award of attorney's fees and costs under 15 U.S.C. §§ 1681n & 1681o. Specifically, defendant requests attorney's fees in the amount of $46,029.00 and costs in the amount of $3,018.12 for attorney time and expenses incurred in connection with the defense of this case.

Title 15 U.S.C. § 1681n( c) provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

8

Id.[1] The term "bad faith," as ordinarily used in the attorney's fee context, requires a showing either that the party subjectively acted in bad faith -- knowing that he had no viable claim - -or that he filed an action or paper that was frivolous, unreasonable, or without foundation. See Ryan v. Trans Union Corp., 2001 U.S. Dist. Lexis 600 (N.D. Ill. 2006) (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (42 U.S.C. § 2000e-5(k)).

Applying this standard here, the undersigned continues to find, for the same reasons outlined above, that imposition of attorney's fees against plaintiff's counsel is unwarranted because it has not been established that Mr. Ingalabe acted in bad faith. The record simply fails to establish that plaintiff's counsel subjectively acted in bad faith or that this action was frivolous, unreasonable or without foundation.   Accordingly, the undersigned recommends that defendant's motion for attorney's fees under 15 U.S.C. §§ 1681n & 1681o be denied.

Finally, defendant, as the prevailing party, requests that it be reimbursed the sum of $3,018.12, representing the taxable costs incurred in defending this case. Defendant seek costs pursuant to Fed.R.Civ.P. 54(d), 28 U.S.C. §1920 and S.D.Fla. L.R. 7.3. Defendant supports its request by submitting a Bill of Costs detailing the various expenses incurred in the course of this case and defense counsel's affidavit verifying the accuracy of the claimed expenses.   In addition, defendant has submitted various invoices documenting the claimed expenses. See D.E. 63, Exhibits A-C. Plaintiff does not object

---

[1]The same statutory language and analysis is applicable to § 1681o.  See Lewis v. Trans Union, 2006 WL 2861059 (N.D. Ill 2006).

to defendant's entitlement to an award of costs, but claims that she does not have the financial ability to the costs.

In considering the requested costs, the Court is guided by 28 U.S.C. §1920, which sets forth the costs which can be awarded to a prevailing party as a matter of law "absent statutory or contractual authorization stating otherwise." See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2492 (1987).   Specifically, 28 U.S.C. §1920 provides for recovery of :

> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;
>
> 4. Fees for exemplification and copies of papers necessarily obtained for use in this case;
>
> 5. Docket fees under section 1923 of this title;
>
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

Although Rule 54(d) gives federal courts discretion to deny costs under these subsections, it does not authorize courts to award prevailing parties costs beyond the statutory levels. Crawford Fitting Co., 482 U.S. at 455.  Thus, this Court will disallow any costs which are not specifically provided for in 28 U.S.C. § 1920.

Reviewing the pleadings and applicable law, the Court finds that defendant, as the prevailing party is entitled to an award of costs.  The judgment rendered herein achieved defendant's litigation objectives by avoiding the liability,  declaratory and injunctive relief

10

which plaintiffs sought to impose.

Having found entitlement to costs, the Court next addresses the specific cost items requested in light of the above statutory provisions.  Based on that review, the Court finds the majority of defendants' requested costs are reasonable and recoverable litigation expenses provided for under 28 U.S.C. §1920.  Indeed, plaintiff has not challenged any specific cost as improper or excessive.

Defendant's costs consist of $425.00 in fees of the Clerk, $835.00 in fees for service of summons and subpoenas, $889.45 in fees for the court reporter, $57.20 in fees and disbursements for printing and $600.00 in witness fees.  The undersigned finds that these costs are specifically provided for under 28 U.S.C. § 1920, were necessarily incurred and are both fair and reasonable under the circumstances of this case.  Accordingly, the undersigned finds that these costs are recoverable.

However, the undersigned will not grant the remainder of defendant's requested costs consisting of $19.15 in fees for shipping and $192.32 for expenses related to travel, parking and telephone services.  Costs for shipping, handling and delivery charges appear to be for the convenience of counsel and are not recoverable under §1920.  See University of Miami v. Intuitive Surgical Inc., 2007 WL 781912 (S.D. Fla. March 13, 2007).  Likewise, costs for travel, parking and telephone services are non-recoverable.  See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 2007 WL 842771 (M.D. Fla. 2007).  Accordingly, the undersigned declines to award these costs.

11

Performing the necessary calculations, the Court recommends that defendant be awarded taxable costs in the amount of $2,806.65.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends:

(1) that Defendant 's  Renewed Motion for Fees and Costs/Sanctions Pursuant to Rule 11 be DENIED;  and

(2) that Defendant's Motion for Award of Attorney's Fees and Costs be GRANTED IN PART with an award of costs in the amount of $2,806.65.


The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt.  See 28 U.S.C. sec. 636(b)(1)( c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida, this 24 day of June, 2008.


Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Hon. James Lawrence King
Counsel of Record